UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA SIMAAN,

       Plaintiff,

v.

Case No. 10-12848

Honorable Patrick J. Duggan

WELLS FARGO BANK, N.A.,

       Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on February 4, 2011.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

On June 24, 2010, Gloria Simaan ("Plaintiff") filed this action against Wells Fargo Bank, N.A. ("Defendant"), seeking to quiet title to a condominium in Keego Harbor, Michigan. Plaintiff also seeks monetary, declaratory, and injunctive relief for alleged violations of federal and state law. Before the Court is Defendant's Motion for Summary Judgment, filed on November 15, 2010, pursuant to Federal Rule of Civil Procedure 56. The Court heard oral argument on January 27, 2011, and for the reasons below, grants Defendant's Motion.

## I. Factual and Procedural Background

On March 16, 2007, Plaintiff purchased a condominium located at 2066 Fountain

Park, in Keego Harbor, Michigan.  Defendant financed the purchase with a mortgage loan of $192,520 and a home equity line of credit of $48,130.  *See* Def.'s Br. Exs. 1, 3.  These loans were secured by first and second mortgages, respectively.  *See* Def.'s Br. Exs. 2, 4.  Plaintiff made regular payments on both of these loans until May 2009, when she left her job at a restaurant owned by her ex-husband.  Simaan Dep. 18:11-19:6, Oct. 18, 2010.

Plaintiff claims that she contacted Defendant in May 2009 regarding modification of her mortgage loan to reduce the monthly payment.  Simaan Dep. 28:2-4.  She claims that Defendant's representatives verbally explained to her that she would be unable to obtain assistance while the loan payments were current, and that she would only be eligible for modification if she stopped making payments.  Simaan Dep. 30:10-17.  Plaintiff alleges that she contacted Defendant on at least three occasions and was told each time that she should wait three months for a review to be completed.  Simaan Dep. 32:6-13.

On January 17, 2010, Defendant sent Plaintiff a letter explaining that unless her loans were brought current by February 16, 2010, Defendant would accelerate the due dates of her loans and pursue foreclosure or other remedies.  *See* Def.'s Br. Ex. 6.  Plaintiff failed to bring the loans current, and on March 17, 2010, Defendant assigned its rights under the mortgage to HSBC Bank USA, National Association ("HSBC") as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-6.  *See* Def.'s Br. Ex. 7.

Plaintiff responded by filing this action in Oakland County Circuit Court on June 24, 2010.  She seeks damages and declaratory relief for fraudulent misrepresentation (Count I); violation of Michigan's Mortgage Brokers, Lenders and Servicers Licensing Act

(Count II); breach of contract (Count III); defective foreclosure (Count IV); and violation of the Real Estate Settlement Procedures Act and the Truth In Lending Act (Count V). Plaintiff also seeks an order quieting title to the property free of any liens (Count VI), and enjoining Defendant from commencing foreclosure (Count VII).

On July 6, 2010, the condominium was sold at a sheriff's sale and a deed was executed in favor of HSBC. *See* Def.'s Br. Ex. 8. Defendant filed its Motion for Summary Judgment on November 15, 2010.

On December 7, 2010, Plaintiff filed a voluntary petition for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan. Bankruptcy Judge Steven Rhodes has entered an Order modifying the automatic stay for the limited purpose of allowing the parties to litigate this action.

## II. Subject Matter Jurisdiction

Federal courts must consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*. *Answers in Genesis of Ky., Inc. v. Creation Ministries, Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Because Plaintiff recently filed a petition for bankruptcy protection under Chapter 7 of the Bankruptcy Code, the Court must determine whether she has standing to bring this action. A plaintiff's lack of standing deprives a federal court of subject matter jurisdiction. *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916 (6th Cir. 2008).

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Upon the filing of a petition for bankruptcy protection, the debtor's property,

including any existing causes of action, becomes property of the bankruptcy estate. *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988). The debtor has no standing to pursue such causes of action; only the bankruptcy trustee is empowered to do so. *Id.* The Bankruptcy Code, however, allows the debtor to claim certain property as exempt. *See* 11 U.S.C. § 522; *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642, 112 S. Ct. 1644, 1647 (1992). Unless a party in interest objects to the exemption, the property claimed as exempt is exempt. 11 U.S.C. § 522(*l*). Exemption of a cause of action allows the debtor to assert her claim. *See Taylor*, 503 U.S. at 642, 112 S. Ct. at 1647-48.

In her Chapter 7 petition, Plaintiff claimed the causes of action which are the subject of this suit as exempt property pursuant to 11 U.S.C. § 522(d)(5). The bankruptcy trustee has not objected to the exemption. Accordingly, the Court considers Plaintiff's causes of action to be exempt from the bankruptcy estate, and concludes that Plaintiff is the real party in interest. Having determined that jurisdiction is proper because Plaintiff has standing to assert her claims, the Court shall now consider the merits of those claims.

### III. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element

4

essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. at 2553.

Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *Id.*, 106 S. Ct. at 2514.

### IV. Discussion

**A. Defective Foreclosure Claims**

Plaintiff asserts that Defendant "threatened to institute foreclosure proceedings without giving required notices." Compl. ¶ 33. In her deposition, however, Plaintiff could not identify any missing notices, even after conferring with her attorney. Simaan Dep. 44:25-45:1. Plaintiff further asserts that any foreclosure notice violated the requirements set forth in Michigan Compiled Laws § 600.3205a, but Defendant has provided an affidavit stating that its notice satisfied these requirements. *See* Def.'s Br. Ex. 8 at 7.

Plaintiff has neither responded to this nor provided evidence demonstrating that the foreclosure notice was legally deficient. It is Plaintiff's duty to come forward with facts showing that there is a genuine dispute of fact for trial, and the Court concludes that Plaintiff has failed to carry that burden. Accordingly, the Court grants summary judgment for Defendant as to Count IV of the Complaint, "Violation of MCL 600.3204, *et seq.*"

Because Plaintiff's claims under Count VI, "Quiet Title," and Count VII, "Injunctive Relief," are based on the conclusion that Defendant improperly foreclosed on the property, those claims also fail as a matter of law. Thus, the Court grants summary judgment for Defendant as to Count VI and Count VII.

**B. Misrepresentation Claim**

Plaintiff alleges that Defendant made three misrepresentations to her: (1) that the two loans provided the best financing terms available; (2) that the property's value exceeded the total of the two loans; and (3) that if Plaintiff stopped making payments, modification of her loan would be considered. Compl. ¶ 18. Plaintiff has admitted that she assumed the financing terms were the best available, and that Defendant's employees did not tell her this. Simaan Dep. 37:21-38:1. She also does not recall Defendant's employees telling her that the property's value exceeded the total of the loans. Simaan Dep. 38:13-16. The only statements Plaintiff recalls pertaining to her mortgage were made by Ryan Racine and Keith Simon, who she believes worked for a third party, Ivanhoe Huntley Homes. Simaan Dep. 16:22-17:9. Finally, Plaintiff admits that Defendant's employees only made oral representations concerning loan modification. Simaan Dep. 30:15-24. Michigan law prohibits the filing of an action against a financial institution to enforce a promise to

6

modify a loan unless that promise is in writing and has an authorized signature of the institution. Michigan Compiled Laws § 566.132(2)(b). Plaintiff therefore cannot bring a misrepresentation claim to enforce the alleged statements. The Court accordingly grants summary judgment for Defendant as to Count I, "Fraudulent Misrepresentations."

### C.  Mortgage Brokers, Lenders, and Servicers Licensing Act Claim

Plaintiff asserts that Defendant's misrepresentations violated Michigan's Mortgage Brokers, Lenders, and Servicers Licensing Act, Michigan Compiled Laws § 445.1651 *et seq.* The statute does not govern the conduct of a "depository financial institution," *id.* § 445.1675, which includes "a state or nationally chartered bank." *Id.* § 445.1651a(f). Defendant, a nationally chartered bank, is exempt. Even if Defendant were subject to the statute, Plaintiff's claim fails, as the alleged misrepresentations are either attributable to third parties or are otherwise not actionable under Michigan law. *See* Michigan Compiled Laws § 566.132(2)(b). The Court therefore grants Defendant summary judgment as to Count II, "Violation of Mortgage Brokers, Lenders, and Servicers Licensing Act."

### D. Breach of Contract Claim

Plaintiff alleges that Defendant breached loan agreements and an agreement to modify loans by failing to disclose material facts, by making misrepresentations, and by causing Plaintiff to rely on a grossly inflated appraisal. Compl. ¶ 30. The alleged loan modification contract is not actionable because it is not in writing. In addition, Plaintiff's testimony indicates that the alleged misrepresentations were made by third parties, rather than Defendant's employees. Plaintiff has also admitted that she cannot identify any material facts that Defendant failed to disclose. Simaan Dep. 43:10-12. As for the

appraisal, Plaintiff is unsure of whether it was inaccurate at the time it was performed. Simaan Dep. 43:20-44:3. Because Plaintiff has failed to come forward with facts showing that there is a genuine dispute of fact to be resolved at trial, the Court grants Defendant summary judgment as to Count III, "Breach of Contract."

**E. Real Estate Settlement Procedures Act / Truth In Lending Act Claim**

Plaintiff asserts that Defendant failed to provide disclosures required by the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* Compl. ¶ 36. Plaintiff, however, has testified that she cannot identify the missing disclosures. Simaan Dep. 45:2-6. Plaintiff further asserts that Defendant "illegally . . . inflated the principal balance owed on the property," Compl. ¶ 38, but cannot substantiate this claim. Simaan Dep. 45:7-12. Plaintiff has again failed to come forward with facts showing a genuine dispute of fact to be resolved at trial. The Court therefore grants Defendant summary judgment as to Count V, "Violation of the Federal Real Estate Settlement Procedures Act and the Truth in Lending Act."

### V. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

                              s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:

Julian M. Levant, Esq.
Patrick C. Lannen, Esq.
Matthew J. Boettcher, Esq.